IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31061-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHON VILLEGAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Jonathon Villegas challenges the exceptional sentence imposed by the trial court after his guilty plea to a charge of second degree assault while armed with a deadly weapon. He argues that his guilty plea did not waive his right to a have a jury determine the existence of the gang aggravating factor. We disagree and affirm.

FACTS

Mr. Villegas shot Jaime Tovar. Mr. Villegas is a member of the Florencia 13 gang, a Sureño gang. Mr. Tovar is a member of a rival gang, the Rollin 60's Crips. Witnesses reported that Mr. Villegas shouted "Florencia" just before shooting Mr. Tovar.

The State originally charged Mr. Villegas with drive-by shooting, assault in the first degree with a firearm enhancement, and the gang aggravator. However, after negotiations the parties agreed that Mr. Villegas would plead guilty to second degree

assault while armed with a firearm and the gang aggravator codified at RCW 9.94A.535(3)(aa). In his written statement on the plea of guilty, Mr. Villegas acknowledged that he was pleading guilty to the gang aggravator, acknowledged that the State would seek an exceptional sentence, and acknowledged that the plea left him free to still seek a standard range sentence.

The plea also contained a factual admission that Mr. Villegas shot his victim in the leg. However, it omitted any facts to support a finding that the crime was committed with the intent to directly or indirectly cause any benefit, aggrandizement, gain, profit, or other advantage to or for a criminal street gang. Recognizing this omission, the prosecutor during the hearing on the plea of guilty orally supplemented the written statement with facts to support the gang aggravator. Mr. Villegas then acceded to the additional facts as recounted by the prosecutor.

Mr. Villegas's counsel then remarked that she thought the facts were a bit different from how the prosecutor recounted them, but did not specify how they were different and said that she would save the issue for sentencing. Despite the remarks by his counsel, Mr. Villegas reaffirmed that he was accepting the facts as told by the prosecutor for purposes of his statement on the plea of guilty.

The sentencing hearing occurred on a later date. There Mr. Villegas's counsel tried to argue that her client did not plead guilty to the gang aggravator and, thus, there was no authority for an exceptional sentence. After a lengthy discussion with the court,

2

defense counsel agreed that Mr. Villegas entered a plea to the gang aggravating factor as part of the entire plea deal offered by the State. The court thereafter sentenced Mr. Villegas to an exceptional term of 84 months. Mr. Villegas then timely appealed to this court.

## ANALYSIS

Mr. Villegas raises three issues for this court to review. First, he renews his argument that he did not plead guilty to the gang aggravator and did not plead guilty to facts sufficient to support the aggravator. Second, he argues that even if he did plead guilty to the aggravator that the jury trial waiver was not sufficiently specific to constitute a knowing, voluntary, and intelligent wavier with regard to the gang aggravator. Third, he argues that the exceptional sentence is void because the court failed to enter necessary findings. We review each of these issues in turn.

*Plea Statement.* With regard to the first issue, we summarily reject his argument. Not only did counsel agree that Mr. Villegas's guilty plea had encompassed the aggravating factor, we also conclude that his written statement on plea of guilty was sufficiently specific to encompass a guilty plea on the gang aggravator. Paragraph 5(e) contains Mr. Villegas's acknowledgement that he was waiving his right to be presumed innocent and to have each element of the "charge" proved beyond a reasonable doubt. Paragraph 4(b) in turn defines the "charge" as including the aggravator and lists the elements of the aggravator. His argument is without merit.

*Jury Waiver.* With regard to the second issue, we conclude that Mr. Villegas's blanket waiver of his right to a jury trial applied to all issues. Mr. Villegas cites no authority, and we can find none, to support his position that his statement on plea of guilty needed to have a separate section devoted to specifically waiving his rights with regard to the charged aggravating circumstance. When charged, an aggravating factor is similar to an element and cannot be ignored when pleading guilty. The right to plead guilty is a right to plead guilty as charged. *State v. Bowerman*, 115 Wn.2d 794, 799, 802 P.2d 116 (1990). Mr. Villegas had no ability to plead guilty to the assault count and deadly weapon allegation without also pleading guilty to the charged aggravating factor. *Id.* If his plea had failed to address the aggravating factor or had failed to provide a factual basis for it, the plea would have been invalid and the parties returned to their initial position prior to the attempted plea resolution.

The waiver of jury trial made in conjunction with the guilty plea necessarily included all aspects of the charge—the offense, the enhancement, and the aggravating factor. They are treated as a whole rather than as separate components. There was no need for the jury waiver to address each component of the charge.

*Exceptional Sentence.* Finally, Mr. Villegas argues that this court must vacate his exceptional sentence because the sentencing court failed to enter necessary findings. Specifically, he argues that the court did not find that the exceptional sentence is consistent with and in furtherance of the interests of justice and the purposes of the

4

Sentencing Reform Act of 1981, chapter 9.94A RCW, as required by RCW 9.94A.535.

We disagree.

The judgment and sentence expressly states that substantial and compelling

reasons exist to impose an exceptional sentence. In addition, while not using those magic

words, the court explained its reasoning when it chose to impose the exceptional

sentence:

> And I'm going to impose the sentence of 84 months as recommended by the prosecutor. I think it's fair. It is outside the standard range, but it is not outside the authority of the Court. It is right in the middle of what I think is an exceptional sentence, and that I think fits in this particular factual pattern.
>
> These drive-by shootings, Mr. Villegas, I want you to know just scare the community to death. Every crime that is charged in Washington has an allegation that indicates it's against the peace and the dignity of the community, and I don't know one crime that's worse than these drive-by shootings. It scares everyone, and it's extremely dangerous, and I think that this is a fair recommendation. I don't think it's a harsh one under the circumstances. I just think it's a good, firm, fair sentence. And so I'm going to accept that recommendation. And technically what it is a nine-month sentence, a 36 months enhancement, and 39 months exceptional sentence, and it's based upon the agreed aggravating factors that were addressed at sentencing—or at the change of plea, and, of course, reenforced here today by testimony.

Report of Proceedings (July 12, 2012) at 36-37.

On this record, we have no trouble concluding that the court found that substantial

and compelling reasons existed to impose an exceptional sentence.

Mr. Villegas also argues that the exceptional sentence must be vacated because the

court did not find that the gang aggravator had been proved beyond a reasonable doubt.

5

No. 31061-2-III
*State v. Villegas*

Facts supporting an aggravating factor under RCW 9.94A.535(3) have to be found according to the procedures set forth in RCW 9.94A.537. RCW 9.94A.535(3). RCW 9.94A.537(3) allows the facts to be determined in any one of three ways: proven to a jury beyond a reasonable doubt, found by a judge beyond a reasonable doubt if jury is waived, or if the "defendant stipulates to the aggravating facts." Here, the defendant pleaded guilty to the aggravating factor. We believe that is the equivalent of a stipulation to the aggravating facts. Accordingly, the sentencing court was not required to enter its own finding that the aggravating facts had been proved beyond a reasonable doubt.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____      _____
Brown, J.                                  Siddoway, J.

6